IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jemol H. Brown, | ) | C/A No. 0:15-17-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Dennis Bush; Deputy Warden Willie Davis; Off. Sharon Patterson; Off. Roy Miller; Captain Thomas Commander, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Jemol H. Brown, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lee County Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that the case should be summarily dismissed without prejudice and without issuance and service of process as to the following defendants: Warden Dennis Bush; Deputy Warden Willie Davis; Off. Sharon Patterson; and Captain Thomas Commander.[1]

## I.     Factual and Procedural Background

The Complaint alleges that Defendant Miller became angry at Plaintiff and sprayed chemical munitions in his face on August 26, 2013. (ECF No. 1 at 3.) Defendant Miller then charged Plaintiff with striking an employee. (Id.) The Complaint asserts that Defendant Patterson found Plaintiff

---

[1] A separately docketed order authorizes the issuance and service of process on the remaining defendant, Off. Roy Miller.



guilty of striking an employee despite obvious discrepancies in Defendant Miller's testimony. (Id. at 3.) Defendant Patterson also allegedly denied Plaintiff the opportunity to present witness statements and testimony at the disciplinary hearing on September 20, 2013. (Id.) The Complaint names Defendant Davis for placing Plaintiff in secure detention pursuant to the disciplinary conviction and for keeping Plaintiff in such detention longer than necessary. (Id. at 3-4.) Plaintiff alleges that, subsequent to a request for release from secure detention, Defendant Commander treated Plaintiff in an unprofessional manner. (Id. at 4.) The Complaint further alleges that Defendant Bush "turned a blind eye" to Plaintiff's grievances proving his innocence. (Id.) Plaintiff, who alleges that he continues to have extreme headaches due to Defendant Miller's use of chemical munitions, seeks damages and injunctive relief.[2] (Id. at 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[2] To the extent Plaintiff seeks the return of good conduct time credit, such a claim is not cognizable under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se*

PJG

pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**1.    Due Process Claims**

**a.    Grievance Procedure**

Plaintiff alleges a violation of his Fourteenth Amendment right to due process by Defendant Bush.  (ECF No. 1 at 4.)  However, a prisoner has no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. Mar. 17, 2011); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d



559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Thus, Defendant Bush's alleged failure to grant Plaintiff's grievances fails to state a cognizable claim under § 1983.

### b.   Disciplinary Proceedings

Plaintiff also alleges a denial of due process during the disciplinary hearing process by Defendant Patterson. Disciplinary proceedings which implicate a protected liberty interest demand due process. See Wolff v. McDonnell, 418 U.S. 539 (1974).[3] To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty, or property by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In this case, Plaintiff alleges the loss of good conduct time, which implicates a protected liberty interest.

However, a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended this holding to a prisoner's claim for damages regarding loss of good time credits. Id. at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). While Heck does not universally

---

[3] In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. Wolff, 418 U.S. at 563-67.



apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, see Muhammad v. Close, 540 U.S. 749, 751 (2004), in situations where the administrative action affects credits toward release based on good time served, Heck bars the § 1983 claim. In the present action, Plaintiff provides no facts to demonstrate that his institutional conviction, resulting in the loss of earned good conduct time credit, has been invalidated. Accordingly, Plaintiff's due process claim against Defendant Patterson is barred by the holdings of Heck and Edwards.

### c. Placement in Secure Detention

Plaintiff's allegations against Defendants Davis and Commander are associated with their placement of Plaintiff in secure detention and/or failure to release him from segregated confinement. However, a prisoner has no constitutional right to any particular custody or security classification, see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prisoners have no constitutionally protected interest in prison classifications or rehabilitative programs), and no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See Olim v. Wakinekona, 461 U.S. 238 (1983); see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.' ") (alterations in original) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Further, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. See Sandin v. Conner, 515 U.S. 482 (1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment."). As Plaintiff's placement in secure detention did

not implicate a protected liberty interest and he presents no factual allegations to demonstrate that his segregated confinement otherwise violated any constitutional right, the Complaint's constitutional claims against Defendants Davis and Commander are also subject to summary dismissal.

### 2.     State Law Claims:  Negligence and Intentional Infliction of Emotional Distress

The South Carolina Tort Claims Act is the exclusive remedy for individuals suing government employees, unless "it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."  See S.C. Code Ann. §§ 15-78-70(a)(b) (partially waiving sovereign immunity).  However, in the Tort Claims Act, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state.  S.C. Code Ann. § 15-78-20(e).  The instant Complaint does not assert that Defendants Bush, Davis, Patterson, and Commander acted outside the scope of their employment, or provide factual allegations to demonstrate that their actions otherwise fall beyond the Tort Claims Act's exclusive remedies.  Accordingly, Plaintiff cannot bring his negligence and intentional infliction of emotional distress claims against these defendants in federal court.[4]

---

[4] The court further notes that the Tort Claims Act specifically excludes intentional infliction of emotional harm.  See S.C. Code Ann. § 15-78-30(f).  Moreover, while the Complaint attempts to couch Plaintiff's claims in terms of negligence, it alleges intentional acts by the defendants.  See Smith v. Lusk, 533 F. App'x 280, 284 (4th Cir. 2013) (observing that a plaintiff cannot prevail on a negligence claim based on a defendant's intentional acts).



**III.     Conclusion**

For the foregoing reasons, it is recommended that Defendants Bush, Davis, Patterson, and Commander be dismissed from this case without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 12, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).