# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Jemol H. Brown, ) | Civil Action No. 0:15-0017-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden Dennis Bush; Deputy Warden ) | |
| Willie Davis; Off. Sharon Patterson; ) | |
| Off. Roy Miller; Captain Thomas ) | |
| Commander; ) | |
| ) | |
| Defendants. ) | |

Plaintiff Jemol H. Brown ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is an inmate at Lee County Correctional Institution. ECF No. 1. Plaintiff alleges that Defendant Roy Miller ("Miller") became angry with Plaintiff and sprayed chemical munitions in his face on August 26, 2013. ECF No. 1 at 3. Miller then charged Plaintiff with striking an employee. ECF No. 1 at 3. Plaintiff alleges that the hearing officer, Defendant Officer Sharon Patterson ("Patterson"), found Plaintiff guilty of striking an employee. ECF No. 1 at 3. Plaintiff contends that Patterson reached a guilty finding despite obvious discrepancies in Miller's testimony. ECF No. 1 at 3. Plaintiff also alleges that Patterson denied Plaintiff the opportunity to present witness statements and testimony at the disciplinary hearing on September 20, 2013. ECF No. 1 at 3. Subsequently, Plaintiff alleges that Defendant Deputy Warden Willie Davis ("Davis") placed Plaintiff in secure detention pursuant to the disciplinary conviction and kept Plaintiff in secure detention five months longer than initially

required. ECF No. 1 at 3-4. Plaintiff asserts that he submitted a request for release to Defendant Captain Thomas Commander ("Commander") and alleges that Commander responded to him in an unprofessional manner in order to intentionally inflict emotional distress on Plaintiff. ECF No. 1 at 4. Finally, Plaintiff alleges that Defendant Warden Dennis Bush ("Bush") should be held liable for "[turning] a blind eye" to Plaintiff's grievances stemming from the August 2013 incident. ECF No. 1 at 4. As a result of the aforementioned incidents, Plaintiff alleges that his Fourteenth Amendment right to due process was violated by Defendants. ECF No. 1. Plaintiff seeks damages and injunctive relief. ECF No. 1 at 5.

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B) (2006), which requires the court to dismiss civil actions filed in forma pauperis if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on February 12, 2015, recommending that the complaint be summarily dismissed without prejudice and without service of process as to Defendants Bush, Davis, Patterson, and Commander. ECF No. 14. That same day, Magistrate Judge Gossett issued an order authorizing service of process as to Defendant Miller. ECF No. 15. Plaintiff filed objections to the Report and Recommendation on February 27, 2015. ECF No. 20.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made.

2

*Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff's objections do not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. *Orpiano*, 687 F.2d at 47-48. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge that were mentioned in Plaintiff's objections.

The Magistrate Judge properly analyzed Plaintiff's claims pursuant to 42 U.S.C. § 1983. Section 1983 is used to vindicate federal rights and impose civil liability on those who act under the color of the law to deprive citizens of their rights. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). In applying the section 1983 analysis, the Magistrate Judge properly concluded that Plaintiff's claims alleging that his due process rights were violated at different stages of the prison grievance procedure are not cognizable under section 1983. First, Plaintiff's allegation that Defendant Bush failed to grant Plaintiff a grievance procedure is not cognizable. Defendant Bush could not violate Plaintiff's Fourteenth Amendment right to due process as alleged since a prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011) (unpublished) ("Prisoners do not have a constitutional right of access to the grievance

process."). In his objections, Plaintiff contends that he has a right to a grievance procedure because grievance procedures are a prerequisite to pursuing a remedy in federal court. ECF No. 20 at 1-2. Federal regulations that create an administrative remedy do not themselves create a liberty interest in access to that procedure. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Furthermore, Plaintiff is not required to exhaust administrative remedies to access relief in the federal courts pursuant to section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 480 (1994). Plaintiff's claim against Defendant Bush fails because it is not cognizable under section 1983, not because Plaintiff has failed to exhaust his administrative remedies through the grievance process.

Second, Plaintiff's claim against Defendant Patterson for her conduct in administering the disciplinary hearing is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Plaintiff alleges that Patterson's actions deprived him of good conduct time, which is a protected liberty interest that requires due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). However, Plaintiff's claim for damages is not cognizable under section 1983 where the success of the action would implicitly question the validity of the disciplinary determination, unless Plaintiff can demonstrate that the disciplinary action has been previously invalidated. *See Heck*, 512 U.S. at 487; *Edwards*, 520 U.S. at 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."). Because Plaintiff has not demonstrated that this disciplinary action has been reversed or invalidated through administrative action or in the state courts, the Magistrate Judge properly determined that Plaintiff's due process claim against Defendant Patterson is barred by the holdings of *Heck* and *Edwards*. Finally, Plaintiff's claims

against Defendants Davis and Commander for failing to release him from secure detention do not implicate a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995) (noting that the defendant's placement in solitary confinement did not implicate a protected liberty interest under the Due Process Clause). A prisoner has no constitutional right to be housed at a particular custody or security status. *See Slezak v. Evatt*, 21 F.3d 590, 595 (4th Cir. 1994) (noting that the Constitution does not vest a liberty interest in inmates receiving a particular security status as long as the conditions and degree of confinement are within the sentence imposed). Because Plaintiff's placement in secure detention did not implicate a protected liberty interest and Plaintiff has not demonstrated that his detention violated any constitutional right, the Magistrate Judge properly concluded that claims against Defendants Davis and Commander are not cognizable under section 1983.

Additionally, the Magistrate Judge properly concluded that Plaintiff's state law claims against Defendants for negligence and intentional infliction of emotional distress are subject to the provisions of the South Carolina Tort Claims Act ("SCTCA"). The SCTCA is the exclusive remedy for individuals suing government employees, unless "it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." *See* S.C. Code Ann. §§ 15-78-70(a)-(b) (partially waiving sovereign immunity). The SCTCA does not waive immunity when a governmental employee exercises discretion or judgment that is within the scope of the employee's duties. S.C. Code Ann. § 15-78-60(5). Where sovereign immunity is not waived, the State cannot be sued in federal court because it does not consent to suit in federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e). In his objections, Plaintiff alleges that Defendants acted outside of the

scope of their official duties. Absent an allegation of malice, the actions that Defendants allegedly took to discipline Plaintiff were within the scope of their official duties. *See Landman v. Peyton*, 370 F.2d 135, 138 n. 2 (4th Cir. 1966) (use of tear gas was within officer's disciplinary authority); *Segarra v. McDade*, 707 F.2d 1301, 1305 (4th Cir. 1983) (decision to omit testimony of a witness in a disciplinary hearing is within disciplinary hearing committee's discretion); *Phillips v. S.C. Dep't of Corrections*, No. 8:10-1331, 2010 WL 2756910, at *2 (D.S.C. June 17, 2010) (the placement of an inmate in a particular institution or unit are discretionary actions). Because the decisions to omit testimony at a disciplinary hearing and to maintain a prisoner in solitary confinement are within the discretionary authority of prison officials, Plaintiff's state law claims against Defendants Bush, Davis, Patterson, and Commander cannot be maintained. Although using chemical munitions to discipline an inmate is within the discretionary authority of a prison official, Plaintiff alleged that Defendant Miller acted maliciously when he sprayed Plaintiff with mace. As a result, Defendant Miller's immunity from suit under the SCTCA may not be waived. Thus, the Magistrate Judge properly concluded that the SCTCA bars Plaintiff's suit in federal court against Defendants Bush, Davis, Patterson, and Commander.

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. Accordingly, because Plaintiff failed to state a claim upon which relief can be granted as to Defendants Bush, Davis, Patterson and Commander, Plaintiff's complaint is **DISMISSED** without prejudice as to those Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The within action is recommited to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

6

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

July 30, 2015
Columbia, South Carolina