IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jemol H. Brown, | ) | C/A No. 0:15-17-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Off. Roy Miller, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This civil action is currently before the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation concerning the service of process for the named defendant. The plaintiff, Jemol H. Brown, who is self-represented, filed his Complaint on January 5, 2015. (ECF No. 1.) As the plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 8), the court issued an order on February 12, 2015 authorizing issuance of service of process by the Clerk of Court and directing the United States Marshals Service to serve the Summons and Complaint on the defendant.[1] (ECF No. 15); see Fed. R. Civ. P. 4(c)(3); 29 U.S.C. § 1915(d). The court's order stated that "[i]f the information provided by Plaintiff . . . is not sufficient for the Marshal to effect service of process, . . . the Marshal should so note in the 'Remarks' section at the bottom of the Form USM-285." (ECF No. 15 at 2-3.) The plaintiff was also specifically advised that "[p]laintiff **must** provide, and is responsible for, information sufficient to identify the defendant," that "[t]he United States Marshal cannot serve an inadequately identified defendant," and that "[u]nserved defendants may be dismissed as parties to

---

[1] The court simultaneously recommended that the remaining defendants be dismissed without prejudice and without issuance and service of process. (Report & Recommendation, ECF No. 14.) This recommendation was subsequently adopted be Order issued July 30, 2015. (Order, ECF No. 31.)



this case." (Id. at 3.) Review of the docket discloses that the Summons for Defendant Miller was returned unexecuted on March 9, 2015. (ECF No. 21.)

The court issued a second proper form order on April 8, 2015. (ECF No. 25.) In its order, the court noted that the Summons for Defendant Miller had been returned unexecuted and that the Form USM-285 indicated that more information was needed to identify Defendant Miller. (Id. at 1.) The court also advised Plaintiff that "unless a defendant is served within 120 days after the complaint is filed, the court may dismiss an action without prejudice." (Id. at 2.) Plaintiff did not provide any new or additional information with regard to Defendant Miller.

Pursuant to Federal Rule of Civil Procedure 4(m), service of process generally must be effected on the defendant within 120 days of filing the Complaint.[2] In this case, over 120 days has passed since the filing of the Complaint and the issuance of the order directing service of process. After review of the returned summons, the court concludes that the investigative efforts of the United States Marshals Service were reasonable. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)).

### RECOMMENDATION

Accordingly, the court recommends that this matter be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

December 23, 2015
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[2] This Rule was amended December 1, 2015 to reduce the time in which to effect service to 90 days. However, the Plaintiff's Complaint was filed prior to this amendment; accordingly, the Plaintiff had 120 days in which to effect service on the defendant.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).