IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jemol H. Brown, | ) | Civil Action No. 0:15-0017-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Off. Roy Miller, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jemol H. Brown ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action against Off. Roy Miller ("Defendant") pursuant to 42 U.S.C. § 1983. ECF No. 1.

This matter is before the court regarding service of process of Defendant. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation regarding service of process on Defendant. The Magistrate Judge filed a Report and Recommendation on December 1, 2015, recommending that the matter be dismissed without prejudice. ECF No. 33. Neither party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's

1

proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff has filed no objection to the Magistrate Judge's Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. Pursuant to Federal Rule of Civil Procedure 4(m), service of process must be effected on a defendant within 120 days of the filing of a complaint.[1] If service of process is not effected within 120 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4. Plaintiff filed his complaint on January 5, 2015. ECF No. 1. The Magistrate Judge issued an order on February 12, 2015, authorizing service of process and directing the United States Marshals Service ("Marshals Service") to serve the summons and complaint on Defendant.[2] ECF No.15. On March 9, 2015, the summons was returned unexecuted. ECF No. 21. On April 8, 2015, the Magistrate Judge ordered Plaintiff to provide additional information within 21 days. ECF No. 25. Plaintiff neither complied with the 21-day deadline nor the original 120-day deadline that begin to run at the filing of the complaint. As of December 23, 2015, nearly a year after the filing of his complaint, Plaintiff had not provided any additional information to aid the Marshals Service in

---

[1] Federal Rule of Civil Procedure 4(m) was amended on December 1, 2015. The time in which to effect service of process was reduced from 120 days to 90 days. Plaintiff's complaint was filed before the amendment took effect. Therefore, Plaintiff was afforded 120 days to effect service of process on Defendant.

[2] On the same day, February 12, 2015, the Magistrate Judge also recommended that the all other defendants named in the complaint be dismissed without prejudice. This court adopted the recommendation of the Magistrate Judge and thereby dismissed the remaining defendants, with the exception of Off. Roy Miller. ECF No. 31.

2

effecting service of process on Defendant; therefore, the Magistrate Judge recommended that the matter be dismissed without prejudice. ECF No. 33.

The court also reviewed the unexecuted summons returned by the Marshals Service. The Marshals Service is required to expend a reasonable investigative effort to locate a defendant after receiving "sufficient information to identify the defendant." *Greene v. Holloway*, 210 F.3d 361, 361 (4th Cir. 2000) (citing the reasonable effort standard in *Graham v. Satkoski*, 51 F.3d 710 (7th Cir.1995)). The returned summons states that the Marshals Service made contact with the South Carolina Department of Corrections but was unable to identify Defendant. ECF No. 21. The court finds that the Marshals Service made a reasonable effort to locate Defendant given the information provided by Plaintiff.

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. In accordance with Federal Rule of Civil Procedure 4(m), this matter is **DISMISSED**, without prejudice.

**IT IS SO ORDERED.**

 s/ Margaret B. Seymour
 Margaret B. Seymour
 Senior United States District Court Judge

March 7, 2016
Columbia, South Carolina